IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL C. HOUTCHENS,

    Plaintiff,

v.                                                          No. 7-CV-546 WJ/WDS

BONNIE SUE FIGUEROA, BIG R OF GREELEY, INC.,
A Foreign corporation, and STATE FARM INSURANCE
COMPANY,

    Defendants.

## MEMORANDUM ORDER AND OPINION GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION TO STRIKE PLAINTIFF'S EXPERTS AS MOOT

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment and Motion to Strike Plaintiff's Experts (Doc. 90). Due to a complete failure of proof on the part of Plaintiff, this Court GRANTS Defendant's Motion for Summary Judgment. Defendant's Motion to Strike Plaintiff's Experts will be DENIED as MOOT.

### BACKGROUND

This case arises out of an automobile accident that occurred in 2005 when a tire on Defendant Figueroa's horse trailer came loose and hit Plaintiff's car causing injury and property damage. Plaintiff subsequently sued Bonnie Sue Figueroa (the driver of the horse trailer), State Farm Insurance Company (Mrs. Figueroa's insurance company), and Big R, Inc. (the company that installed the tires on the horse trailer) for negligence. This Court has since dismissed Defendants Figueroa and State Farm Insurance Company from the suit (Docs. 59 & 75). Only

Defendant Big R, Inc. remains.

Defendant Big R initially filed its Motion for Summary Judgment in January 2009 (Doc. 70). This Court struck that motion as untimely because it was filed five months after the deadline for dispositive motions had passed (Doc. 73). The Defendant then filed a Motion to Extend Discovery Deadline and to Set Aside Order Striking Summary Judgment Motion (Doc. 78). Because both parties had apparently believed that they still had time to file dispositive motions, the Court granted Defendant's motion which rendered Defendant's previous Motion for Summary Judgment timely (Doc. 79). At the hearing on that Plaintiff's Motion for Reconsideration, the Court referred the case to the magistrate judge to establish new deadlines and specifically advised Plaintiff that he should consider hiring an expert to establish causation (Doc. 84). The magistrate judge set September 8, 2009 as the deadline for discovery motions and October 19, 2009 as the deadline for all other pretrial motions. He also instructed Plaintiff to identify any expert witnesses he intends to use and provide the reports of such witnesses by May 29, 2009. Defendant had to identify witnesses and provide reports by July 14, 2009.

In April 2009, Plaintiff filed an Amended Disclosure of Expert Testimony identifying two individuals who "will testify to a reasonable degree of scientific probability that the reason the wheel came off the trailer and struck Plaintiff's vehicle was due to Defendant's negligence." Plaintiff did not, however, produce any reports by the expert witnesses. In June 2009, Defendant filed the instant Motion for Summary Judgment and Motion to Strike the Plaintiff's Experts. About two weeks later, Plaintiff's attorney filed a Motion to Withdraw (Doc. 91) in part because Plaintiff was unable to afford the costs of producing the expert witness reports. On September 18, 2009, this Court granted Plaintiff's attorney's motion to withdraw and gave Plaintiff 120 days to find a new attorney. This Court stated that it would rule on Defendant's pending

summary judgment motion if no attorney entered an appearance within 120 days. To date, no new attorney for Plaintiff has filed an appearance in this case. Therefore, this Court will proceed to consider Defendant's Motion for Summary Judgment without the benefit of a response from Plaintiff.

## STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. PRO. 56(c); *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. Once that burden is met, the nonmoving party must put forth specific facts showing that there is a genuine issue of material fact for trial; he may not rest on mere allegations or denials in his own pleadings. *Anderson v. Liberty Lobby*, 477 U.S. 242, 256-57 (1986). In order to avoid summary judgment, the nonmoving party must put forth enough evidence that a reasonable jury could return a verdict in the nonmovant's favor. *Id.* at 249. A mere scintilla of evidence in the nonmovant's favor is not sufficient. *Id.* at 252.

## DISCUSSION

Plaintiff's theory of liability against Defendant Big R is that Defendant negligently installed the tires in the horse trailer, and that Defendant's improper installation caused one tire to separate from the trailer's axle causing injury and property damage to Plaintiff. The problem here is that Plaintiff has not put forward evidence of causation sufficient to survive summary judgment. When the question of causation is beyond the knowledge or experience of the average layperson, the plaintiff is required to offer expert testimony in order to survive summary

judgment.  *Truck Ins. Exchange v. MagnaTek, Inc.*, 360 F.3d 1206, 1214 (10th Cir. 2004).  Here, an average layperson could not reasonably conclude that Defendant's purportedly negligent installation caused the tire to come loose without expert testimony.  In order to reach that conclusion, a juror would need to hear testimony about proper installation procedures and what can happen when a tire is not properly installed.  As the Defendant states, "Such a determination necessarily requires a fairly technical analysis, one involving engineering, metallurgy and metal fatigue analysis, all of which are beyond the knowledge of a lay juror."  While Plaintiff has put forward the names of two experts he claims will testify regarding causation, he has failed to produce their reports.  Therefore, there is no expert evidence in the record whatsoever that supports Plaintiff's claim of causation.  Without any such evidence, the Court must grant Defendant's Motion for Summary Judgment.

The Court realizes that Plaintiff has not had an attorney of record in this case since September 2009.  The Court also presumes that Plaintiff's failure to produce any expert witness reports is based, in part, on Plaintiff's inability to pay for such reports.  However, this Court gave Plaintiff a generous 120 days to find a new attorney.  The Court also specifically warned Plaintiff that if his new attorney did not enter an appearance within 120 days, the Court would rule on Defendant's Motion for Summary Judgment.  It has now been well over 120 days and Plaintiff has not requested more time nor has a new attorney entered an appearance on Plaintiff's behalf.

For the foregoing reasons, this Court GRANTS Defendant's Motion for Summary Judgment and DENIES Defendant's Motion to Strike Plaintiff's Experts as MOOT.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE